UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. R.H., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.  23-cv-05793-SVK<br><br>**ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 5 |

Before the Court is Plaintiffs' motion to proceed under pseudonyms and for a protective order.  Dkt. 5 (the "Motion").  For the reasons that follow, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiffs are a mother and her two minor sons who fled to the United States from El Salvador to escape violence and abuse.  *See id.* at 2.  Immigration officials separated them when they entered the country.  *See id.*  They commenced this action to recover for the physical, emotional and psychological harm they suffered in connection with this forced separation.  *See id.*

Concurrently with filing their complaint, Plaintiffs filed the Motion, seeking to "protect their highly sensitive and personal information, including information relating to Plaintiffs' mental health and immigration status."  *See id.*  They do not seek to withhold their identities from Defendant (who already knows their identities), and they "will disclose their identities to the Court."  *See id.*

## II. LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted).  However, parties may "proceed anonymously when special circumstances justify secrecy."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)

1  (citations omitted).  Specifically, parties may "use pseudonyms in the 'unusual case' when
2  nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury,
3  ridicule or personal embarrassment.'" *Id.* at 1067-68 (citations omitted).  Cases concerning a
4  party's "mental competency" fall within the ambit of these special circumstances.  *See Doe v.*
5  *Fellows*, 927 F.2d 608, 608 (9th Cir. 1991).  Where such special circumstances exist, "a party may
6  preserve his or her anonymity . . . when the party's need for anonymity outweighs prejudice to the
7  opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214
8  F.3d at 1068.

9  Beyond these special circumstances and their accompanying balancing test, "in an
10 electronic or paper filing with the court that contains . . . the name of an individual known to be a
11 minor, . . . a party or nonparty making the filing may include only: . . . the minor's initials." Fed.
12 R. Civ. P. 5.2(a).

13 **III.    DISCUSSION**

14 Permitting Plaintiffs to proceed anonymously is appropriate in this case.

15 **Special Circumstances Exist.**  Because Plaintiffs seek to recover for psychological harm
16 they suffered, this action will necessarily require disclosure of their mental-health information.
17 Thus, the required special circumstances exist.  *See Fellows*, 927 F.2d at 608.

18 **Plaintiffs' Need For Anonymity Is Great.**  Courts routinely recognize parties' interests in
19 preserving the privacy of their mental-health information.  *See, e.g.*, *E.H. v. Meta Platforms, Inc.*,
20 No. 23-cv-04784-WHO, Dkt. 19 at 1-2 (N.D. Cal. Oct. 12, 2023); *K.D.B. ex rel. K.H.B. v.*
21 *UnitedHealthcare Ins. Co.*, No. 18-cv-04175-WHA, 2018 WL 4053457, at *1-2 (N.D. Cal. Aug.
22 24, 2018); *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981).

23 **Defendant Will Suffer No Prejudice.**  Defendant already knows Plaintiffs' identities.
24 Thus, it necessarily will suffer no prejudice if Plaintiffs proceed anonymously.  *See, e.g.*, *N.A. v.*
25 *Jaddou*, No. 23-cv-01634-AJB, 2023 WL 6238007, at *1 (S.D. Cal. Sept. 25, 2023); *E.A.R.R. v.*
26 *U.S. D.H.S.*, No. 20-cv-02146-TWR, 2021 WL 5177775, at *1 (S.D. Cal. Jan. 7, 2021); *Al Otro*
27 *Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017).

28 **The Public Interest Is Minimal.**  It does not appear that resolution of the issues in this

action will implicate Plaintiffs' identities. Thus, the public interest does not weigh in favor of requiring disclosure of Plaintiffs' identities. *See, e.g.*, *Doe 1 v. GitHub, Inc.*, No. 22-cv-06823-JST, 2023 WL 3449131, at *9 (N.D. Cal. May 11, 2023); *Doe v. Cnty. of El Dorado*, No. 13-cv-1433-KJM, 2013 WL 6230342, at *6 (E.D. Cal. Dec. 2, 2013).

**Two Of Plaintiffs Are Minors.** As discussed above (*see* Section II, *supra*), parties and non-parties must refer to minors using their initials. *See, e.g.*, *Dangaard v. Instagram, LLC*, No. 22-cv-01101-WHA, 2022 WL 17342198, at *8 (N.D. Cal. Nov. 30, 2022).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion. Plaintiffs may continue to identify themselves in this action using their initials, all filings on the docket may reference Plaintiffs using only their initials and no Party may publicly disclose Plaintiffs' identities. Because no Party other than Plaintiffs has yet appeared in this action, this Order does not prejudice the right of any later-appearing Party to move to reveal the identities of Plaintiffs. *See, e.g.*, *Doe v. Risch*, No. 18-cv-04583-SBA, Dkt. 14 at 2 (N.D. Cal. Aug. 13, 2018).

**SO ORDERED.**

Dated: November 14, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge