Lisa Weissman-Ward (CA SBN 298362)
Jayashri Srikantiah (CA SBN 189556)
IMMIGRANTS' RIGHTS CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-7396
Facsimile: (650) 723-4426
lweissmanward@law.stanford.edu
jsrikantiah@law.stanford.edu

Claudia Valenzuela*
Jessica Zhang*
IMMIGRANT LEGAL DEFENSE
1301 Clay St., #70010
Oakland, CA 94612
Telephone: (510) 519-1231
Facsimile: (510) 890-3101
claudia@ild.org
jessica@ild.org

Jennifer Bush*
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500
jbush@fenwick.com

*Attorneys for Plaintiffs*

*admitted pro hac vice

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Ms. R.H.; S.M.R., a minor child; J.M.R., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 5:23-cv-5793-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Judge Eumi K. Lee |

The parties to the above-captioned action jointly submit this CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California, the Standing Order for Civil Cases Before Judge Eumi K. Lee, and Civil Local Rule 16-9.

### 1. Jurisdiction and Service

Plaintiffs bring this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq*. There are no issues regarding personal jurisdiction, venue, or service, known at this time. Defendant has been served.

### 2. Facts

<u>Plaintiffs' Statement</u>

Plaintiffs are a mother, Ms. R.H., and her two sons, J.M.R. and S.M.R., who fled El Salvador and crossed into the United States from Mexico in October 2020 to seek asylum after Ms. R.H.'s husband – J.M.R. and S.M.R.'s father – was murdered execution-style by gang members in El Salvador. ECF No. 1 ¶ 1. Upon initial arrival in the United States, Customs and Border Protection (CBP) officers summarily returned the family to Mexico. Given the family's fear of persecution in El Salvador, the family returned to the United States days later. When the family returned, CBP agents forcibly separated Plaintiffs, immediately sent Ms. R.H. back to Mexico alone, and labeled J.M.R. and S.M.R. as unaccompanied minors, placing them in the custody of the Office of Refugee Resettlement (ORR). *Id.* ¶¶ 1–3. These actions violated federal policy setting out the procedures required when CBP employees encounter a family unit, how CBP employees decide whether a family unit is valid and whether to separate a family unit, and the recordkeeping required upon separation. *Id.* ¶¶ 4–5. Plaintiffs deny that the children ever entered the United States alone, or that Plaintiffs ever have said that occurred.

The family remained separated for nearly five months. *Id.* ¶ 6. During this time, J.M.R. and S.M.R., who were both minors for the entire relevant period, were subjected to abusive conditions while in ORR custody, and became severely depressed, anxious, and traumatized as they were forced to endure an extended separation from their mother and uncertainty about her well-being. *Id.* ¶ 7. During this same time, unknown individuals in Mexico, who were affiliated with the Mexican government, held Ms. R.H. in captivity for a month, during which time, unknown

individuals brutally sexually and physically assaulted Ms. R.H. on a daily basis. *Id.* ¶ 8. After she escaped her captors, Ms. R.H. repeatedly presented herself at the U.S.-Mexico border to CBP employees, informing them of her fear of return to El Salvador and Mexico, and pleading to be reunited with her children. *Id.* ¶ 9. CBP employees turned her away each time. *Id.* Finally, in January 2021, with the assistance of pro bono legal counsel, Ms. R.H. filed a request for humanitarian parole, specifically requesting to be reunited with her children. U.S. government employees approved the parole request in February 2021. *Id.* ¶ 10. Ms. R.H. lawfully entered the United States in February 2021 and was reunited with J.M.R. and S.M.R. after 131 days apart. *Id.* ¶ 10–11. Plaintiffs suffered and continue to suffer from prolonged effects, including psychological injuries and emotional distress, because of Defendant's separation of and treatment of Plaintiffs. *Id.* ¶ 12.

Defendant's Statement

Defendant denies the allegations in the Complaint, as relevant records and Plaintiffs' own admissions reflect that the two minor children crossed the United States border alone and therefore no separation occurred. Defendant denies that Plaintiffs are entitled to any relief.

**3.  Legal Issues**

Plaintiffs assert five claims for relief under the FTCA based on the underling California torts of: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) negligence; (4) intentional interference with parental consortium by person without right of custody; and (5) negligent supervision arising out of Plaintiffs' separation by Defendant after crossing into the United States. ECF No. 1 ¶¶ 189–213. Plaintiffs claim they suffered extreme emotional distress and other injuries when they were separated, during their separation, and after they were reunified. *Id.* ¶¶ 164–88.

Accordingly, the parties believe the Court may be called upon to resolve a number of legal issues, including but not limited to: (1) whether Defendant intentionally inflicted emotional distress upon Plaintiffs; (2) whether Defendant breached any duties of care to Plaintiffs that proximately caused them damages; (3) whether Defendant negligently inflicted emotional distress upon Plaintiffs; (4) whether Plaintiffs suffered a loss of consortium due to Defendants' conduct;

(5) whether Defendant negligently supervised agency employees, thereby proximately causing Plaintiffs' damage; (6) whether Plaintiffs' negligent supervision claim is barred by the discretionary function exception to the FTCA; (7) whether Plaintiffs' claims are barred because the challenged government actions have no private-person analogue under the FTCA; (8) whether Plaintiffs' claims are partially barred by the foreign country exception to the FTCA; (9) whether Plaintiffs' claims relating to the Office of Refugee Resettlement are barred by the independent contractor exception to the FTCA; and (10) whether Plaintiffs have stated a claim for negligent infliction of emotional distress.

### 4. Motions

On June 3, 2024, Defendant filed a motion to dismiss, which the parties fully briefed as of August 19, 2024. This Court heard argument on the motion to dismiss on November 20, 2024. A decision on the motion is pending.

The parties may file respective motions for summary judgment after completing discovery. The parties may also file motions related to discovery which may require active Court supervision.

### 5. Amendment of Pleadings

Plaintiffs may seek to amend the pleadings based on the Court's rulings on Defendant's motion to dismiss. Plaintiffs may also seek to amend the pleadings to conform to the evidence. Plaintiffs reserve the right to seek leave to amend the complaint under Rule 15 as additional facts and evidence are uncovered through discovery and litigation. A proposed deadline for amending the pleadings is March 10, 2025.

### 6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law and have taken reasonable and proportionate steps to preserve evidence potentially relevant to the claims and issues in this action.

### 7. Disclosure

The parties agree to serve their initial disclosures by February 14, 2025.

**8.   Discovery**

The parties have yet to serve discovery requests and have not encountered any discovery disputes. Discovery is needed on the following subjects: (a) matters relating to the issues raised and allegations made in Plaintiffs' Complaint; (b) matters relating to the issues and defenses raised in Defendant's forthcoming Answer; (c) damages; and (d) any and all matters raised in any of the pleadings as currently pled or as hereafter amended and not resolved by Order of the Court.

The parties anticipate they will be able to stipulate to an ESI protocol and protective order.

**9.   Class Actions**

This case is not a class action.

**10.   Related Cases**

The parties are unaware of any related cases in this matter.

**11.   Relief**

Plaintiffs bring this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq.* and seek the following relief: compensatory damages, attorneys' fees and costs, and "[s]uch other and further relief as the Court deems just." Defendant denies that Plaintiffs are entitled to relief.

**12.   Settlement and ADR**

The parties have previously engaged in settlement discussions but did not reach settlement. During their most recent meet and confer, the parties discussed referral to a magistrate judge for settlement purposes. The parties agree to continue discussing mediation options.

**13.   Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**

Plaintiffs do not anticipate any narrowing of the issues at this time.

### 15. Scheduling

The parties propose the following schedule:

|  | Compromise Proposal |
|---|---|
| Last Day to Amend Pleadings or Add Parties | March 10, 2025 |
| Date for Completion of Fact Discovery | December 1, 2025 |
| Service of Opening Expert Reports | January 5, 2026 |
| Service of Rebuttal Expert Reports | February 2, 2026 |
| Date for Completion of Expert Discovery | March 2, 2026 |
| Close of Briefing on Summary Judgment and Daubert | May 4, 2026 |
| Final Pretrial Conference | August 17, 2026 |
| Trial | September 14, 2026 |

### 16. Trial

The parties agree that the case will be tried to the Court, as FTCA claims are tried to the bench. 28 U.S.C. § 2402. Plaintiffs reserve the right to demand jury trial on any claims that are, at the time of trial, triable by jury, whether because of a change of law or an amendment to the pleadings. The parties tentatively request allocation of five court days for trial while recognizing this time may be impacted by future decisions and discovery.

### 17. Disclosure of Non-Party Interested Entities or Persons

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiffs are unaware of any non-party interested entities or persons.

Defendant is exempt from this requirement as a federal government entity.

### 18. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Such Other Matters as may Facilitate Just, Speedy, and Inexpensive Resolution**

None.

Dated: December 23, 2024                    FENWICK & WEST LLP

                                            By: */s/ Jennifer R Bush*
                                                Jennifer R. Bush
                                                *Attorneys for Plaintiffs*

Dated: December 23, 2024                    ISMAIL J. RAMSEY
                                            United States Attorney

                                            By: */s/ Michael A. Keough*
                                                Michael A. Keough
                                                Valerie E. Smith
                                                *Attorneys for Defendant*

*\* In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

*\*\*admitted pro hac vice*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED**.

Dated: _____            _____

　　　　　　　　　　　　　　　　　　　　　　The Honorable Eumi K. Lee